Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7797 | **DATE** | 4/13/2000 |
| **CASE TITLE** | Delphine Lyon-Scott vs. William J. Henderson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Henderson's entire Answer is stricken, but with leave of course granted to file a self-contained Amended Answer on or before April 27, 2000. Lyon-Scott's counsel is ordered to file a submission on or before the same date as to whether that affirmative defense is agreed to (or if not, why not).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 13 2000 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 4/13/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DELPHINE LYON-SCOTT,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   No. 99 C 7797
                                    )
WILLIAM J. HENDERSON, POSTMASTER    )
GENERAL OF THE UNITED STATES,       )
                                    )
            Defendant.              )

MEMORANDUM OPINION AND ORDER

Postmaster General William Henderson has filed his Answer to the employment discrimination Complaint filed by postal employee Delphine Lyon-Scott ("Lyon-Scott"). This sua sponte memorandum opinion and order is triggered by a basic error that permeates the Answer and that is unfortunately encountered with enough frequency among practitioners who should know better that it might even seem to support the view held in some quarters (though not this one) that a mandatory CLE program wouldn't be such a bad idea.

There is no mystery about what Fed. R. Civ. P. ("Rule") 8(b) prescribes as the only pleading alternative, other than the admission or denial of a plaintiff's allegations ("averments" is the term employed in Rule 8(b)), that is available to a responding party. To gain the benefit of that third alternative

(a deemed denial), a pleader must travel the path that is marked out by the precise roadmap contained in the second sentence of Rule 8(b)--provided, of course, that the responding party can make that prescribed disclaimer in the objective good faith demanded by Rule 11.

Yet despite that clear directive, Postmaster General Henderson (or more accurately his counsel) has not conformed to the required disclaimer even once. Instead Answer ¶¶6, 11, 14, 19-21, 25, 31, 33 and 40 assert the absence of "sufficient knowledge" without mentioning the more demanding requirement of a lack of "sufficient information," while Answer ¶¶18, 26, 34 and 37 disclose counsel's knowledge that "sufficient information" does play an essential role in the disclaimer (but those paragraphs still fail to travel the rest of the Rule-prescribed road), and while Answer ¶29 mysteriously substitutes the asserted absence of "sufficient evidence" in place of the required combination of the absence of sufficient knowledge and information. Most importantly, not one of those attempted disclaimers even mentions the concept of "belief"--though it is crystal-clear that the drafters of Rule 8(b) meant that concept to be a critical part of the disclaimer hurdle that a pleader must surmount to get the benefit of a deemed denial.

Because so many paragraphs are thus infected by error, Postmaster General Henderson's entire Answer is stricken, but with leave of course granted to file a self-contained Amended Answer on or before April 27, 2000. That step is being taken to avoid the need to refer to a patchwork set of pleadings to see the response in its entirety. In the meantime, because Postmaster General Henderson's second affirmative defense raises a legitimate concern as to the permissible scope of Lyon-Scott's claim (one based on her assertedly limited exhaustion of administrative remedies), Lyon-Scott's counsel is ordered to file a submission on or before the same date as to whether that affirmative defense is agreed to (or if not, why not).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 13, 2000