# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7797 | **DATE** | 2/21/2001 |
| **CASE TITLE** | Delphine Lyon-Scott vs. William Henderson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In sum, Scott's motion for reconsideration is denied. This action remains dismissed for the reasons stated in the Opinion and amplified somewhat here.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 22 2001 | 43 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | *mw* | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 2/21/2001 date mailed notice | |
| SN | courtroom deputy's initials | 01 FEB 21 PM 3:29 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DELPHINE LYON-SCOTT, )
)
        Plaintiff, )
)
v. ) No. 99 C 7797
)
WILLIAM J. HENDERSON, Postmaster )
General of the United States, )
)
        Defendant. )

DOCKETED
FEB 2 2 2001

MEMORANDUM OPINION AND ORDER

Shortly after this Court had issued its comprehensive December 28, 2000 memorandum opinion and order ("Opinion") that granted the Fed. R. Civ. P. ("Rule") 56 motion for summary judgment by then Postmaster General William J. Henderson (referred to in the Opinion and here as "Postal Service") and accordingly dismissed this employment discrimination action brought by Delphine Lyon-Scott ("Scott"), Scott's counsel filed a timely Rule 59(e) motion seeking reconsideration and a consequent trial of her claims. Both sides have filed memoranda addressing the matter--Scott's January 19, 2001 memorandum (cited "Mem. --"), her February 14 supplemental memorandum and Postal Service's February 14 supplemental memorandum (cited "P. Supp. Mem. --"), enabling the issuance of this memorandum opinion and order.[1]

---

[1] Both sides' simultaneously-filed Supplemental Memoranda were submitted in response to this Court's directive in its February 1 memorandum order ("February 1 Order").

43

To begin with, Scott's deprivation-of-due-process argument (a claim that her counsel was somehow sandbagged in responding to the Postal Service's Rule 56 motion) must be rejected. On that score P. Supp. Mem. 1-2 has it right in labeling that argument as disingenuous. Even apart from the minimal and somewhat opaque way in which Scott's original response to the Rule 56 motion had mentioned the subject of hostile work environment (a single sentence at her Mem. 9 stating that no adverse employment action need be shown for such a claim, followed by the single sentence set out in footnote 2),[2] it is totally at odds with established caselaw for counsel to urge that in response to a summary judgment motion--one that asks to throw out plaintiff's case in its entirety as a matter of law, without the need for an evidentiary hearing--the responding party can hold back on either factual or legal matters that would stave off such a fatal blow.

Although that no-holding-back notion may be more frequently

---

[2] Here is all that Scott's Memorandum said at page 9 in response to Postal Service's Rule 56 motion and its detailed supporting material--a memorandum of law, the comprehensive statement called for by this District Court's LR 56.1 to implement Rule 56, and the evidentiary support for that comprehensive statement:

> Since the defendant has not analyzed plaintiff's claim under the theory of a hostile or abusive work environment, plaintiff is under no obligation to set forth in detailing [sic] the totality of circumstances that establish the objective and subjective offensive work environment on account of plaintiff's race and sex.

2

addressed in terms of a party's failure to adduce facts that could avert summary judgment, numerous cases state the identical proposition when a plaintiff has not responded to a Rule 56 motion by fully advancing all of its legal theories to prevent a loss before trial. Among the group of cases from our Court of Appeals that consistently announce and apply that doctrine, one mid-1990s decision that quotes from an opinion of this Court in addition to citing other cases to the same effect is <u>Caisse Nationale de Credit Agricole v. CBI Indus., Inc.</u>, 90 F.3d 1264, 1270 (7th Cir. 1996):

> A party seeking to defeat a motion for summary judgment is required to "wheel out all its artillery to defeat it." <u>Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency</u>, 846 F.Supp. 677, 685 (N.D. Ill. 1994); <u>Ryan v. Chromalloy Am. Corp.</u>, 877 F.2d 598, 603-04 (7th Cir. 1989).

And this Court's there-quoted <u>Employers Ins. of Wausau</u> opinion had elaborated a bit on that pungent phrase (846 F.Supp. at 685):

> As the party responding to that motion, Employers was duty bound to wheel out all its artillery to defeat it--it could not hold back and then, if unsuccessful, point to other grounds that it should have advanced but did not (see, e.g., <u>Ryan v. Chromalloy Am. Corp.</u>, 877 F.2d 598, 603-04 (7th Cir. 1989); <u>Publishers Resource, Inc. v. Walker-Davis Publications, Inc.</u>, 762 F.2d 557, 561 (7th Cir. 1985), quoting this Court's opinion in <u>Keene Corp. v. International Fidelity Ins. Co.</u>, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), <u>aff'd and adopted</u>, 736 F.2d 388, 393 (7th Cir. 1984)).[3]

---

[3] [Footnote by this Court] <u>Caisse Nationale</u> and all of the other Court of Appeals announcing and applying the same principle regularly cite to (and on occasion quote from) <u>Publishers Resource</u>, which rejected a party's legal arguments that had not

3

What was at issue when Postal Service filed its Rule 56 motion was plainly not an effort simply to narrow the issues in the case--the type of motion in limine that may be asserted under Rule 16. Instead the Postal Service was unambiguous in its desire to win the case with a final judgment of dismissal right then. If Scott's counsel felt that she would still retain a viable claim even if everything the government said in that motion were to be accepted, it was <u>Scott</u>'s obligation to advance the legal reason (and the supporting factual basis, as required by LR 56.1) why that was so.

As the Postal Service points out in its Supp. Mem. 2 n.1, this Court's February 1 Order had mistakenly assumed that because Scott began this litigation with a pro se Complaint of Employment Discrimination (using the form provided to unrepresented litigants by the Clerk's Office for that purpose), this Court had--as it almost invariably does when a pro se complaint has surmounted the threshold hurdle of non-frivolousness in the legal sense--appointed a lawyer to handle the case. This Court follows that practice because such an appointment tends to benefit not only the plaintiff (obviously) but also the Court and even opposing counsel (who can then deal with someone accustomed to

---

been urged in response to its adversary's summary judgment motion but were then sought to be argued in support of a motion to reconsider--and <u>Publishers Resource</u> based that ruling on its quotation from <u>Keene Corp.</u>

4

legal proceedings, rather than a lay opponent). Instead, in this instance Scott's lawyer was retained by her, so that the Supreme Court's quite unforgiving approach to lawyer insufficiency in Link v. Wabash R.R. 370 U.S. 626, 632-33 (1962) might perhaps have been followed: Scott could have been relegated to the possibility of a malpractice action if she could prove that she had suffered harm as a result of her chosen counsel's failure to wheel out all the artillery.

But as the February 1 Order at 2 has said:

> This Court has no desire to visit any claimed sin of the lawyer (even a sin of omission) on Scott.

Instead this opinion will address the subject straight on, because Scott cannot complain in any case of the disposition of her only-now-emphasized hostile work environment claim.

As Opinion at 9-13 reflects, this Court was meticulous in dealing with that claim in strict compliance with Rule 56 standards in all events: It gave Scott the benefit of any differences of view as to the facts (including all reasonable inferences from Scott's own factual version), and it then applied solidly established law to the resulting factual matrix. After having initially dispatched Scott's totally frivolous claim that her harassment by her former subordinate Gregory Gnau ("Gnau") was sex-related (Opinion at 10), this Court gave Scott the full benefit of the doubt on her contention of race-based harassment

5

by Gnau (id.).[4] There is also something to be said for the Postal Service's "question[ing] whether the alleged harassment was pervasive enough to constitute a hostile work environment" (P. Supp. Mem. 2). But once again the Opinion gave Scott the benefit of the doubt on that score (Opinion at 11).

In terms of the legal result that came out of those pro-Scott factual assumptions, this Court sees no reason to retreat from its reliance on an application of the test reconfirmed by Hostetler v. Quality Dining, Inc., 218 F.3d 798, 809 (7th Cir. 2000) in cases of co-worker harassment. Scott's attempt in her two recent memoranda to substitute her view of the reasonableness of the Postal Service's response to the Gnau problem will not work. That effort is on a par with Scott's general approach that sets up her own judgment to second guess and override her employer's wholly permissible business judgment--something that is even less appropriate than a court's seeking to act as a super-personnel department, instead of honoring an employer's honestly-arrived-at nondiscriminatory judgments in dealing with its employees.

In sum, Scott's motion for reconsideration is denied. This action remains dismissed for the reasons stated in the Opinion

---

[4] It appears from the record that the disturbed Gnau was pretty much an equal-opportunity harasser. But the Opinion proceeded from the premise that his multiple problems with humanity manifested themselves in part by evidencing racial bias in his dealings with Scott.

and amplified somewhat here.

_____
Milton I. Shadur
Senior United States District Judge

Date:   February 21, 2001